In the matter of the application of surviving trustees under deed of trust made by JOSEPH BATTIN, deceased, for appointment of trustee in place and stead of deceased trustee.

[Decided June 14th, 1916.]

Where a trust deed provides for succession by appointment by the court to any trustee who shall die, refuse or become unable to discharge his duties, the court is not bound to appoint the same number of trustees named in the original instrument, but may, when all the trustees named in the instrument refuse to accept the trust, appoint a trust company as sole trustee, especially where the application to make such appointment is made by four-sixths of those in interest in the trust fund, and there is no objection by the other parties in interest.

On petition, &c.

*Mr. Frank Bergen,* for the application.

*Mr. Clark McK. Whittemore,* for certain beneficiaries.

*Mr. Philip D. Elliott,* for certain beneficiaries.

LANE, V. C.

The deed of trust provides for three trustees and for succession by appointment by the court to any trustee who shall die, refuse or become unable to discharge his duties. Upon the filing of the petition, the two surviving trustees expressed a desire to

resign, thus leaving, upon the acceptance of their resignations, no one to administer the trust, unless an appointment is made by the court. The application is now made by four-sixths in interest in the trust fund for the appointment of the Union County Trust Company as a single trustee. There was no objection from the other parties in interest and on the hearing their counsel consented. That this court has power to discharge a trustee and substitute another, to appoint a trustee to administer a trust where no trustee is in existence, needs no citation of authority, nor is the court obliged to appoint the same number of trustees as provided for by the trust instrument. *Barker* v. *Barker, 73 N. H. 353; 62 Atl. Rep. 166; 1 L. R. A. (N. S.) 302; 39 Cyc. 283, 285.* The number of trustees and their identity is a matter of pure judicial discretion.

The reasons which induce me to grant the prayer of the petition are as follows:

The parties in interest assent; it has been difficult to get responsible disinterested persons, satisfactory to all parties in interest, to accept the trust as individual trustees; individual trustees would be required to give large surety bonds at considerable expense to the estate; appointment of a qualified trust company will ensure succession for the life of the trust; the expense and trouble of probable further applications for appointment of successor trustees during the next twenty-one years will be obviated; the compensation allowed by the trustee agreement is inadequate when divided among three trustees, and is scarcely adequate for one; it is doubtful if three trustees of ability and responsibility could be found who would be willing to accept their meagre share of the total compensation provided, for the increasing trouble and responsibilities of administering the trusts; the number of beneficiaries concerned has already increased over those provided for originally, and there will be many more to deal with in the future; a trust company is now qualified by law to accept appointment as trustee; at the time the trust was created trust companies in New Jersey were not legally qualified to accept appointment, and it is not unreasonable to assume that if the law of New Jersey had permitted the appointment of a trust company as trustee, the donor would

have made such appointment. I do not mean to indicate by anything that I have said that I am of the opinion that the court is bound by the provisions in the trust deed as to the amount of compensation. I think the court may, where it appoints a trustee, if necessary to secure a proper trustee, award compensation as may be fairly adequate, notwithstanding the provisions of the trust instrument.